UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA        :

V.                              :       CASE NO. 3:15CR67 (RNC)

ROBERT GENTILE                  :


ORDER

The defendant has moved to postpone jury selection for 90 days.  (ECF No. 65).  The motion is granted subject to the filing of a properly executed waiver of the defendant's rights under the Speedy Trial Act ("the Act"), 18 U.S.C. §§ 3161, *et seq.*, which specifically waives the period of delay from January 12, 2016 through April 12, 2016.

The Act generally requires that the trial of a defendant commence within seventy days after the filing of the indictment or the date the defendant first appears in court, whichever is later.  18 U.S.C. § 3161(c)(1).  A continuance may be granted if the court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A). Relevant factors include whether failure to grant the continuance would deny counsel reasonable time necessary for effective preparation.

In support of the defendant's motion for a continuance, counsel states that a continuance is necessary to give counsel additional time to adequately prepare an entrapment defense.  In

addition, defendant needs additional time for trial preparation because the government disclosed on January 26, 2016 that it would be calling at trial forensic experts in the field of DNA test results, fingerprints and ballistics.  Defendant therefore must seek out and retain forensic experts to rebut the government's witnesses.  Resolution of the discovery issues, counsel's ability to process and analyze materials for trial, and the retention and preparation of expert witnesses will therefore require more time so that the defendant may adequately prepare for trial.  Crediting the representations of defendant's counsel, I find that the ends of justice served by the requested continuance outweigh the interest of the public and the defendant in a speedy trial.  Failure to grant the continuance would deny counsel reasonable time necessary for effective preparation taking account of the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the defendant's request is hereby granted. The period January 12, 2016 through April 14, 2016 will be excluded under the Act subject to the filing of a waiver of the defendant's rights as more fully described above.  Jury selection is hereby rescheduled to April 12, 2016, at 9:00 a.m.

So ordered this 15th day of March, 2016.

/s/ RNC
Robert N. Chatigny
United States District Judge